3610C

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD SLAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| MICHAEL L. FRANKLIN and | ) |
| TYSA TRANSPORT, LLC, | ) |
| | ) |
| Defendants. | ) |

## **PETITION FOR REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1332,1441, and1446, Defendant TYSA TRANSPORT, LLC. hereby remove the above captioned civil action, presently pending in the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removal of this civil action, Defendant states as follows:

1. On January 31, 2020, Plaintiff DONALD SLAMA ("Slama") filed a Complaint at Law against Defendant regarding an alleged automobile accident on February 6, 2018. That Complaint at Law was filed with the Circuit Court of Cook County, Illinois, County Department, Law Division as Case No. 2020-L-001318. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint at Law is attached to this Petition for Removal as Exhibit A.

2. On March 12, 2020, Defendant, *via* its insurer, received notice of the Summons and Complaint at Law and engaged the undersigned counsel. Defendant was served that date. See Exhibit E.

**I. There is Complete Diversity of Citizenship of the Parties Under 28 U.S.C. §1332(a).**

3. Mr. Michael L. Franklin is deceased from causes unrelated to the automobile accident. When this lawsuit was filed on January 31, 2020, Mr. Franklin was deceased, so his place of residence and status of citizenship at the time of the filing of the lawsuit need not be part of the diversity analysis. Illinois courts established that "[a] deceased person cannot be a party to a suit because such is a nonexistent entity and the proceedings are *void ab initio*." *Reed v. Long*, 122 Ill. App. 2d 295, 297 (1970). In general, "[p]roceedings against an individual who is deceased at the time of the filing of suit are a nullity." *Volkmar v State Farm Mutual Automobile Insurance Co.*, 104 Ill. App. 3d 149, 151 (2001). The Illinois Supreme Court in *Relf v. Shatayeva,* 2013 IL 114925, confirmed these legal precedence.

In the alternative, when alive Mr. Franklin was an individual and a citizen of the United States who was domiciled in Battle Creek, Michigan. When Mr. Franklin was alive his address the last years of his life was 36N 31st Street, Battle Creek, MI 49015, which was a rental apartment.

Under 28 U.S.C. § 1332(a)(1), Mr. Franklin was a citizen of the State of Michigan before he passes away. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S.826, 828 (1989) (citing *Robertson v. Cease*, 97 U.S. 646, 648-49 (1878); *Brown v. Keene*, 8 Pet. 112,115 (33 U.S .112) (1834)).

4. Tysa Transport LLC is a Michigan limited liability company with its principal place of business in Battle Creek, Michigan. Under 28 U.S.C. § 1332(c)(1), Tysa Transport LLC is a citizen of the State of Michigan because both its members, Tyler Avery and Lisa Avery are citizens of and residents of Michigan. See, Affidavits Exhibits B and C.

5. On information and belief, Mr. Slama is a citizen of the United States and domiciled in the State of Illinois. Therefore, Ms. Slama is a citizen of the State of Illinois. See *Newman-Green, Inc.*, 490 U.S. at 8 28.

6. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the Parties.

## II. Mr. Slama is Seeking More than the Jurisdictional Threshold for Removal Under 28 U.S.C. §1332(a).

7. In his Complaint, Mr. Slama alleges claims of negligence against Defendants and claims damages "in an amount in excess of $50,000.00 dollars[.]" Ex. A at 6, Prayer for Relief; 8, Prayer for Relief

8. Pursuant to 28 U.S.C. § 1446(c)(2), Defendants assert that the amount in controversy is in excess of $75,000.00. The State of Illinois permits recovery of damages in excess of the amount demanded, which is how Mr. Slama has phrased the prayer for relief. Ex .A at 6, Prayer for Relief; 8, Prayer for Relief.

9. Further, Mr. Slama alleges that he was caused "severe and permanent bodily injuries and damages and will in the future continue to suffer damages." Ex. A at ¶7, p. 2.

3

10. Additionally, on or about March 24, 2020, counsel for Defendant left a message *via* telephone with counsel for Mr. Slama to learn the extent of Mr. Slama medical treatment for his alleged injuries so the matter could properly be staffed by defense counsel, and followed up with an email on March 27, 2020, regarding same. Receiving no response, Defendant served the Request to Admit Facts to obtain the details. See, Exhibit D. No response has yet been provided.

11. On information and belief, Mr. Slama is seeking medical and other expenses in excess of $75,000.00, in addition to other damages that will exceed the jurisdictional threshold under 28 U.S.C. §1332(a).

### III. This Notice of Removal is Timely Under 28 U.S.C. §1446(b)(1).

12. Defendant first became aware of the Summons and Complaint at Law on as a result of service of process and on the same date courtesy service on the insurer. See, Exhibit E.

This Petition for Removal is being filed on April 9, 2020, which is before the "30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based" in 28 U.S.C. §1446(b)(1).

14. This Court is the appropriate venue for removal because it is part of the "district and division embracing the place where" Plaintiff filed this action, namely, Cook County, Illinois. 28 U.S.C. §1446(a).

15. Pursuant to 28 U.S.C. §1446(d), a copy of this Petition for Removal will be filed contemporaneously as a Notice of Removal with the Clerk of the Circuit Court

of Cook County, Illinois, and will be served contemporaneously on all counsel of record.

WHEREFORE, Defendant respectfully request that this action be removed from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: April 9, 2020.	Respectfully submitted,

  /s/ *Thomas F. Cameli*
Thomas F. Cameli (#6190288)
Alan J. Brinkmeier (#6187198)
Cameli & Hoag, P.C.
105 West Adams Street, Suite 1430
Chicago, IL 60603
312-726-7300
tcameli@camelihoaglaw.com
abrinkmeier@camelihoaglaw.com
*Counsel for Defendants*